

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

Signed March 4, 2010                                  United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MANZOOR MOHAMMAD ALAM, | § § § | Case No. 09-30950 HDH-13 |
| Debtor. | § | |
| HASINA CHOUDHURY, and KAZI ASHRAF, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § | Adversary No. 09-3123 |
| MANZOOR MOHAMMAD ALAM, | § § § | |
| Defendant. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).  The Court adopts the statement of stipulated facts in the parties' Amended Joint Pre-Trial Order, filed in this

Findings of Fact and Conclusions of Law                                                                 Page 1

proceeding on February 11, 2010.  In addition, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

## FINDINGS OF FACT

1. Defendant and Hasina Choudhury ("Choudhury") met through mutual friends and Choudhury's brother, and began a friendly relationship.  Defendant and Choudhury's brother were roommates and close friends.

2. Choudhury is and was a married woman at all times during the course of her relationship with Defendant.  Choudhury and Ashraf are married.

3. Choudhury transferred money to Defendant in three installments over the course of several years.  Choudhury claims that these transfers were loans.  Defendant maintains the transfers were gifts.  The arrangement was peculiar, to say the least, as no written evidence made contemporaneously with the transfers was made.  There are no promissory notes, security agreements, loan agreements, payment schedules, or such similar documents. Defendant placed the funds in his bank accounts.  Defendant made a number of periodic payments back to Choudhury, usually around the first of each month, indicative of loan payments.

4. Ashraf lived and worked in Hawaii at the time Choudhury transferred the money to Defendant.  Ashraf did not transfer any funds to Debtor.

5. Defendant made no written statements in connection with the transfer of funds from the Plaintiff.  According to the version and testimony of Choudhury, some unwritten statements made by the Defendant, in connection with the transfer of funds, upon which she relied, were statements respecting his financial condition. She testified that Defendant asked for a loan to set up a bank account to use as evidence of financial worth for a proposed business loan, and subsequently

that Defendant needed funds to buy a convenience store and, later, inventory for such store. Plaintiff did not offer into evidence anything in writing supporting this testimony.

6.  Defendant did not use the funds to establish a business loan, to buy a convenience store, or to buy inventory for the non-existent store. Apparently, over time, Debtor gambled away the funds sent by Plaintiff.

7.  Before the second and third transfers by Choudhury to Defendant, Defendant had defaulted on his supposed agreement to return the first funds. He also bounced at least one check before the third transfer of funds.

8.  After all the transfers to Defendant were made, and he stopped making the monthly repayments, Ashraf began an aggressive campaign to collect from Defendant including, but not limited to, telephone calls to Defendant's relatives, visitation of Defendant's relatives, sending demands for payment to Defendant's apartment complex and personally traveling to Texas to see Defendant.

9.  Ashraf and three other men entered Defendant's home uninvited and presented Defendant with a document purporting to be a promissory note or acknowledgment of debt. Defendant testified that he felt that he was in danger of immediate serious physical harm if he did not sign the document. Defendant signed the document, but Defendant testified that he would not have signed the document but for the belief that he was in imminent danger of serious physical harm if he did not sign the document.

10. The alleged promissory note or acknowledgment of debt was signed without any consideration and, significantly, after any money was given to Defendant.

11. The terms contained in the Promissory Note are unclear.

12. Defendant did not make a representation to Ashraf before the transfers were made.

## CONCLUSIONS OF LAW

13. Bankruptcy Code Section 523(a)(2) provides, in relevant part, that a debt will not be discharged in bankruptcy if it is "for money, property, services, or an extension, renewal, or refinancing of credit," to the extent that it was "obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

14. For a debt to be nondischargeable under section 523(a)(2)(A), a creditor must show:

(1) the debtor made a representation;
(2) the debtor knew the representation was false;
(3) the representation was made with the intent to deceive the creditor;
(4) the creditor actually and justifiably relied on the representation; and
(5) the creditor sustained a loss as a proximate result of its reliance.

*General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

15. Similarly, § 523(a)(2)(B) makes these debts nondischargeable to the extent the money, property, services, or an extension, renewal, or refinancing of credit are obtained by the

(B) use of a statement <u>in writing</u>–
   (i) that is materially false;
   (ii) respecting the debtor's or an insider's financial condition;
   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § § 523(a)(2)(B) (emphasis added). Thus, oral statements respecting the Defendant's financial condition, true or false, are specifically excepted by the plain language of § 523(a)(2)(B).

16. The burden is on the Plaintiff to prove by a preponderance of the evidence that each of the elements under subsection 523(a)(2)(A) have been met. *See Grogan v. Garner,* 498 U.S. 279,

286-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re Mercer,* 246 F.3d 391, 403 (5th Cir. 2001).

17. Plaintiff did not show, by a preponderance of the evidence, that a debt exists or the terms and conditions of such debt. The testimony regarding the characterization of the transfers is in dispute. Choudhury claims the transfers were loans. Defendant claims they were gifts. If they were loans, there are no documents evidencing such. Defendant's version is also problematical, but a plaintiff bears the burden of proof under § 523, and the Plaintiff has not shown, by a preponderance of the evidence, that the transfers were loans. There was nothing in writing indicating what, if any, the terms and repayment schedule were.

18. In addition, because the case largely boils down to one person's word against the other's, Plaintiff has not established, by a preponderance of the evidence, that Defendant made false representations to her.

19. Assuming that Plaintiff established a debt of Defendant to her, if the Defendant did make any statements that could be construed as false representations or fraud, the Plaintiff was unjustified in relying on such statements.

20. Defendant took the first installment from Plaintiff and put it in a bank account. According to her, Defendant was to return the funds, in full, in three months. Defendant did not do so. Later, despite this default, Plaintiff sent Defendant two more installments. There was no credible testimony offered by Plaintiff that she did anything to verify Defendant's alleged representations regarding his pending business loan, the purchase of the convenience store, or the purchase of inventory. She did not request even a promissory note at the time she sent large sums of money to

Defendant. There must be some minimal amount of reliance by a plaintiff to prevail under § 523(a)(2)(A). In this case, that minimal threshold has not been shown.

21. Plaintiff did not establish, at trial, the terms and conditions of any loans. Neither Defendant nor Choudhury had a meeting of the minds such that the terms of the promissory note or acknowledgment of debt created a binding contract enforceable against the Defendant.

22. Finally, Plaintiff did not establish any of the elements of § 523(a)(2)(B).

23. Counsel for Defendant shall submit a form of judgment to the Court within ten days of the date of entry of these findings and conclusions.

###End of Findings and Conclusions###